UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE POMPA FERNANDEZ, | 1: 08 CV 0243 LJO WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE GOVERNMENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 7 and 8] |
| TRACEY JOHNS, WARDEN, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241. Pending before the court is the Government's amended motion to dismiss. Petitioner has not responded to the Government's motion.

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, only the sentencing court has jurisdiction.

Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective);  Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th  Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In this case, Petitioner previously brought a motion to vacate, set aside, or correct his

1  sentence under 28 U.S.C. § 2255.  That motion was filed in the Petitioner's criminal case, 1:00-cr-
2  05209 OWW, on February 28, 2005.  It was denied on the merits on July 9, 2008.

3        In the present petition, Petitioner brings a single claim of ineffective assistance of counsel.
4  The court finds that this is clearly a challenge to the validity or constitutionality of his conviction or
5  sentence.   Therefore Petitioner must bring this claim in a motion pursuant to § 2255 unless he can
6  meet the stringent standard set forth above.  The court has reviewed the petition and finds that
7  Petitioner has provided nothing to demonstrate that the remedy available under § 2255 is "inadequate
8  or ineffective to test the validity of his detention."  Specifically, Petitioner has demonstrated <u>neither</u>
9  actual innocence *nor* that he never had the opportunity to raise the claim by motion.  Petitioner
10 simply asserts a claim of ineffective assistance of counsel, claiming that his counsel never attempted
11 to assist him to prove his innocence.  This is insufficient as a matter of law.

12       Accordingly, based on the foregoing, IT IS HEREBY ORDERED as follows:

13 1)   the Government's amended motion to dismiss is HEREBY GRANTED;

14 2)   this petition for writ of habeas corpus is DISMISSED; and

15 3)   the Clerk of the Court is directed to enter judgment for the Government and to close this case.

16 IT IS SO ORDERED.

17 **Dated:   December 10, 2008**          /s/ **Lawrence J. O'Neill**
                                   UNITED STATES DISTRICT JUDGE
18
19
20
21
22
23
24
25
26
27
28