UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE POMPA FERNANDEZ,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>TRACEY JOHNS, Warden,<br><br>　　　　　Respondent. | 1:08-CV-0243 LJO WMW HC<br><br>ORDER CONSTRUING PETITIONER'S MOTION FOR CLARIFICATION OF SENTENCE AS A MOTION FOR RECONSIDERATION<br><br>(Document #17)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |

  Petitioner is a federal prisoner proceeding pro se with a habeas corpus action pursuant to 28 U.S.C. § 2241.[1]

  On February 10, 2008 an order dismissing the petition for writ of habeas corpus was issued by the Honorable Lawrence J. O'Neill, and judgment was entered that same day.

  On February 24, 2009, Petitioner filed a document entitled "Motion for Clarification of Sentence." It appears from the motion that Petitioner wishes the Court to reconsider its ruling of February 10, 2008. Therefore, the Court CONSTRUES the document entitled "Motion for Clarification of Sentence" as a motion for reconsideration.

  Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on

---

[1] The order dismissing the case stated that even though the petition was brought under § 2241, the claim of ineffective assistance of counsel was more properly brought under § 2255. The court construed the petition to be brought under § 2255 and then dismissed it because the statutory period had long since run. (Doc. #15).

the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . of an adverse party; (4) the judgement is void; (5) the judgment has been satisfied . . . ; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event, "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). The Ninth Circuit has held that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), *quoting* Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

In the present case, the Court finds that the above standard has not been met. The Court does notes, however, that in the motion, Petitioner mentions that he was denied "Goodtime." Presumably, "Goodtime" refers to good time credits that can be accrued during one's prison sentence; which makes them a condition of confinement. If Petitioner would like to challenge a condition of his confinement he would need to file a proper petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the district in which is he is in custody.

Accordingly, IT IS HEREBY ORDERED that:

1. The document entitled "Motion for Clarification of Sentence" is CONSTRUED as a motion for reconsideration, and

2. Petitioner's motion for reconsideration of June 25, 2001 is DENIED.

IT IS SO ORDERED.

**Dated:   March 17, 2009**            **/s/  William M. Wunderlich**
                                       UNITED STATES MAGISTRATE JUDGE